1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# UNITED STATES DISTRICT COURT

## DISTRICT OF PUERTO RICO

**OK RESORTS OF P.R., INC.; et al.,**

**Plaintiffs,**

**v.**                                             **Civil No. 19-1889 (GAG)**

**CHARLES TAYLOR CONSULTING**

**MEXICO, S.A. DE C.V.; et al.,**

**Defendants.**

## MEMORANDUM ORDER

OK Resorts of Puerto Rico, Inc., Executive Fantasy Hotel, Inc., and Riverside Resort, Inc. (collectively "Plaintiffs") filed the above-captioned suit against Charles Taylor Consulting Mexico, S.A. de C.V., and its agents, Pierre Barron and James Heiden ("Charles Taylor"), as well as Universal Insurance Co. and Integrand Assurance Co. (collectively "Defendants") alleging violations under the Racketeer Influenced & Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and the Commonwealth of Puerto Rico's Insurance Code ("Law 27"), P.R. Laws Ann. tit. 26, §§ 2701-2740. (Docket No. 4). The Court dismissed the case because Plaintiffs did not show fraud with specificity under Fed. R. Civ. P. (9b) of: (1) a distinct RICO enterprise that defrauded the insurance policyholders of Defendants, and (2) how Defendants' alleged fraudulent conduct proximately caused Plaintiffs' injuries. (Docket No. 69).

Pending before the Court are two motions: (1) Plaintiffs' motion for reconsideration of the Court's dismissal of the case, and (2) Charles Taylor's motion for attorneys' fees. (Docket Nos. 71; 73). Both parties opposed each other's motions. (Docket Nos. 72; 74). For the foregoing reasons,

**Civil No. 19-1889 (GAG)**

the Court **DENIES** Plaintiffs' motion for reconsideration at Docket No. 71 and **DENIES** Charles Taylor's motion for attorneys' fees at Docket No. 73.

I.     <u>Plaintiffs' motion for reconsideration</u>

Plaintiffs' motion for reconsideration requests that the Court allow a brief extension of time so that Plaintiffs may conclude <u>Becher</u> discovery. <u>New England Data Serv., Inc. v. Becher</u>, 829 F.2d 286, 290 (1st Cir. 1987). (Docket No. 71 ¶ 8). Plaintiffs' motion does not identify the legal standard from which reconsideration is sought; neither Rule 59(e) nor Rule 60 is invoked for reconsideration. FED. R. CIV. P. 59(e), 60. "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." <u>Echevarría v. AstraZeneca Pharm. LP</u>, 856 F.3d 119, 139 (1st Cir. 2017) (quoting <u>U.S. v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990)).

A "motion seeking the reconsideration of a judgment or order is considered as a motion to alter or amend a judgment under FED. R. CIV. P. 59(e) if it seeks to change the order or judgment issued." <u>Villanueva-Méndez v. Nieves Vázquez</u>, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) <u>aff'd</u>, 440 F.3d 11 (1st Cir. 2006). Rule 59(e) motions are granted "when the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." <u>Ocasio-Hernández v. Fortuño-Burset</u>, 777 F.3d 1, 9 (1st Cir. 2015) (quoting <u>Biltcliffe v. CitiMortgage, Inc.</u>, 772 F.3d 925, 930 (1st Cir. 2014)) (citations omitted).

On July 1, 2020, the Court granted Plaintiffs' motion to conduct limited discovery under <u>Becher</u>, where the First Circuit held that "a court faced with an insufficiently specific claim may permit *limited discovery* in order to give a plaintiff an opportunity to develop the claim *and amend the complaint.*" <u>Cordero-Hernández v. Hernández-Ballesteros</u>, 449 F.3d 240, 244 (1st Cir. 2006) (citing <u>Becher</u>, 829 F.2d at 290) (added emphasis). (Docket Nos. 35, 44). Both parties agreed on a

Civil No. 19-1889 (GAG)

Court-approved discovery timetable. (Docket Nos. 63, 64). Written and deposition discovery ensued, yet Plaintiffs allege they need more time to depose four other persons whose "names came up in discovery . . . for the sake of completeness of the allowed discovery [sic]." (Docket Nos. 71 ¶ 5; 72 at 3-4).

Plaintiffs' request for reconsideration to continue <u>Becher</u> discovery fails because Plaintiffs have had ample opportunity to conduct limited discovery and amend the complaint. See <u>Becher</u>, 829 F.2d at 290. A Rule 59(e) motion "does not provide a vehicle for a party to undo its own procedural failures" or to "introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." <u>Quality Cleaning Products R.C., Inc v. SCA Tissue N.A., LLC</u>, 794 F.3d 200, 208 (1st Cir. 2015) (citing <u>Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25</u>, 426 F.3d 416, 422 (1st Cir. 2005)) (internal quotation marks omitted). More than 200 days have elapsed since the Court granted <u>Becher</u> discovery to amend the complaint, which Plaintiffs did not do. (Docket No. 72 at 2). Moreover, Plaintiffs failed to depose the aforementioned four persons within the Court-approved discovery timetable because they did not serve subpoenas upon the witnesses. <u>Id.</u> at 4-5. Therefore, Plaintiffs' motion for reconsideration at Docket No. 71 is hereby **DENIED**.

II.     <u>Charles Taylor's motion for attorneys' fees</u>

Charles Taylor's motion requests attorneys' fees under the bad faith exception of the American Rule because they allege that Plaintiffs never had any indicia nor specific facts of fraud to bring a civil RICO claim. See <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991). (Docket No. 73 ¶ 3). Charles Taylor states that Plaintiffs' pleadings and discovery requests were composed of convoluted and conclusory allegations. (Docket No. 73 ¶ 3). Furthermore, Charles Taylor claims that Plaintiffs' requests to conduct depositions of four additional persons are fishing expeditions

**Civil No. 19-1889 (GAG)**

because Plaintiffs knew that these depositions would not lead to the discovery of any evidence to support their fraud claims. Id.

Although the American Rule prohibits fee-shifting in most cases, there are three exceptions: (1) the "common fund exception," when the Court awards attorneys' fees to a party whose litigation efforts directly benefit others; (2) as sanctions for willful disobedience of court order; and (3) when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. See Chambers, 501 U.S. at 45-46.

The Court finds that Plaintiffs' actions do not rise to the necessary level of bad faith to award attorneys' fees. Consequently, the Court hereby **DENIES** Charles Taylor's motion for attorneys' fees at Docket No. 73.

**SO ORDERED.**

In San Juan, Puerto Rico this 3rd of March 2021.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI

United States District Judge